## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GINGER M. VICKERS                                   )
                                                                        )
                            Plaintiff,                         )
                                                                        )
           -vs-                                                 )            Civil Action No.  21-1093
                                                                        )
COMMISSIONER OF SOCIAL SECURITY, )
                                                                        )
                            Defendant.                       )

## ORDER

AND NOW, this 23rd day of May, 2022, upon consideration of Defendant's Motion for

Summary Judgment (Doc. No. 15), filed in the above-captioned matter on February 3, 2022,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

12), filed in the above-captioned matter on January 10, 2022,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part.

Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner

of Social Security ("Commissioner") for further evaluation as set forth below and denied in all

other respects.  Accordingly, this matter is hereby remanded to the Commissioner for further

evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

### I. Background

In this action, on February 20, 2014, Plaintiff filed an application for disability insurance

benefits under Title II of the Social Security Act ("Act").  (R. 97).  The application was denied

upon hearing by an Administrative Law Judge ("ALJ"), but the Appeals Council granted her

request for review and remanded the matter back to the ALJ.  (R. 97-111, 113-14).  On remand,

the same ALJ conducted a second hearing and again denied Plaintiff's application.  (R. 12-25).

This time, the Appeals Council denied Plaintiff's request for review.  (R. 1-3).  Plaintiff then

appealed to the United States District Court, which granted Defendant's motion to remand.  (R.

1113; W.D. Pa. Civil Action No. 20-459).  Subsequently, Plaintiff filed an application for

supplemental security income under Title XVI of the Act, which was consolidated with her claim

for disability insurance benefits.  (R. 1042).  Upon hearing before a different ALJ, Plaintiff's

applications were denied on June 17, 2021.  (R. 1042-58).  Plaintiff again seeks the Court's

review, and the parties' cross-motions for summary judgment are now before the Court.

## II. Standard of Review

The Court reviews the Commissioner's findings of fact for substantial evidence and has

plenary review as to all legal questions.  *See Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D.

Pa. 2011) (citing 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994);

*Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)).  The substantial

evidence standard is deferential, and the Court may not set the Commissioner's decision aside

merely because it would have arrived at a different conclusion.  *See id.* (citing *Hartranft v. Apfel*,

181 F.3d 358, 360 (3d Cir. 1999)).  So long as the decision is supported by "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion," the decision

stands.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted).  Under this

standard, a Court "may not create post-hoc rationalizations to explain the Commissioner's

treatment of evidence when that treatment is not apparent from the Commissioner's decision

itself."  *Hayes v. Berryhill*, No. 17-00648, 2018 U.S. Dist. LEXIS 104057, at *21-22 (M.D. Pa.

June 20, 2018).

ALJs employ a "familiar five-step analysis" to determine disability. *Hess v. Comm'r of Soc. Sec.,* 931 F.3d 198, 201 (3d Cir. 2019) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). At the first step, the ALJ ensures that the claimant is not performing "substantial gainful activity." *Id.* At the second step, the ALJ identifies the claimant's severe, medically determinable impairments. *See id.* The claimant must suffer from at least one such impairment for the analysis to continue. *See id.* If the analysis does continue, the ALJ asks at Step Three whether the claimant's impairments—individually or combined—meet the criteria for certain presumptively disabling impairments that are listed in the regulations. *See id.* If not, the evaluation continues, and the ALJ must determine the claimant's residual functional capacity ("RFC") to determine whether it permits the claimant to return to his or her "past relevant work." *Id.* If the claimant cannot return to his or her past relevant work, the ALJ moves to the fifth and final step where he or she asks whether the claimant's RFC, age, education, and work experience permit adjustment to other work. *See id.* at 202. At this final step, the burden is on the Commissioner to "provid[e] evidence that demonstrates that other work exists in significant numbers in the national economy" that the claimant can do given his or her RFC and vocational characteristics. 20 C.F.R. § 404.1560(c)(2).

### III. The ALJ's Decision

In his June 17, 2021 decision, the ALJ found that Plaintiff met the insured requirements of the Act through December 31, 2016. (R. 1045). The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of January 1, 2011. (*Id.*). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically: degenerative disc disease, status post cervical

discectomy and fusion, depressive disorder, anxiety disorder, neurocognitive disorder, post-traumatic stress disorder, history of traumatic brain injury, pulmonary emboli, and left ventricular hypertrophy.  (*Id.*).  The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three.  (R. 1045-48).

In evaluating Steps Four and Five, the ALJ arrived at an RFC that limited Plaintiff, *inter alia*, "to unskilled work at the SVP 1 or 2 levels" and "to one or two step instructions."  (R. 1048).  In arriving at the RFC, the ALJ gave partial weight to the opinion of consultative examiner Timothy Ostrich, Psy.D., who found that Plaintiff was moderately limited in carrying out detailed instructions, but "is able to carry out very short and simple instructions (i.e., perform one and two step tasks)."  (R. 89, 1055-56).  The ALJ explained that Dr. Ostrich's opinion was generally consistent with other evidence of record and discussed how the RFC accommodated his findings.  (R. 1055-56).  In response to the ALJ's hypothetical, the vocational expert ("VE") identified what the ALJ termed "representative" occupations—dining room attendant, hospital cleaner, and marker—that Plaintiff could still perform.  (R. 1057, 1101).  The ALJ therefore found that Plaintiff was not disabled under the Act.

**IV. Legal Analysis**

Plaintiff contends that the ALJ erred at Step Five of the sequential analysis by relying on vocational testimony that Plaintiff could perform jobs that exceeded General Educational Development ("GED") reasoning level 1 and were thus incompatible with the RFC.  (Doc. No. 13 at pp. 4-9).[1]  While the Court does not find that the positions that the ALJ found Plaintiff

---

[1]      In the Dictionary of Occupational Titles ("DOT"), each occupation is assigned a General Education Level, of which reasoning level is a part.  GED level refers to an occupation's informal and formal educational requirements.  *See* DOT, Appx. C.

could perform were necessarily inconsistent with the RFC, it does find that further discussion is required to determine whether such a conflict existed between the VE's testimony and the DOT.

The parties do not dispute that the three occupations identified by the VE, and on which the ALJ relied, correspond to GED reasoning level 2.  Defendant, though, contends that the Commissioner typically relies on GED Specific Vocational Preparation ("SVP") levels rather than reasoning levels when assessing disability.  (Doc. No. 16 at p.15).  Nonetheless, regardless of the applicability of SVP levels, adjudicators must also consider GED reasoning levels that may appear to conflict with the identified occupations and the claimant's RFC.  *See Diaz v. Colvin*, No. 16-00358, 2017 U.S. Dist. LEXIS 40876, at *45 (M.D. Pa. Mar. 22, 2017); *see also Harden v. Comm'r of Soc. Sec.*, No. 13-906, 2014 U.S. Dist. LEXIS 134166, at *11 (W.D. Pa. Sep. 24, 2014).  Even if a VE testifies that his or her testimony is consistent with the DOT, an ALJ is required to elicit a reasonable explanation for any *apparent* conflict.  *See Zirnsak v. Colvin*, 777 F.3d 607, 617 (3d Cir. 2014).  Pertinent here, "when considering an ALJ's adoption of testimony by a VE that a plaintiff can perform an occupation with a reasoning level higher than that allowed by the plaintiff's RFC, an apparent unresolved conflict exists and remand is required."  *McHerrin v. Astrue*, No. 09-2035, 2010 U.S. Dist. LEXIS 143061, at *18 (E.D. Pa. Aug. 31, 2010); *see also Reese v. Kijakazi*, No. 20-1214, 2021 U.S. Dist. LEXIS 166700, at *6 (W.D. Pa. Sep. 2, 2021).

Contrary to Defendant's suggestion, neither consistency with SVP levels nor the RFC's omission of a limitation to "simple" instructions is determinative here.  GED reasoning level 1 requires the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions," and GED reasoning level 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions."  DOT, App. C, §

III.  The pertinent reasoning levels differ in large part based on the "length of the instructions, with level one being limited to one- or two-step instructions, and level two not being limited in length**."** *Delestienne v. Saul*, No. 20-1349, 2021 U.S. Dist. LEXIS 230601, at *1 n.3 (W.D. Pa. Dec. 2, 2021) (quoting *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021)).  In contrast, SVP level refers to "the training that would be needed for a position, not the nature of instructions that must be followed."  *Meloni v. Colvin*, 109 F. Supp. 3d 734, 742 (M.D. Pa. 2015); *see also Marchionna v. Comm'r of Soc. Sec.*, No. 13-329, 2015 U.S. Dist. LEXIS 12037, at **4-6 (W.D. Pa. Jan. 29, 2015).  Thus, the fact that an identified occupation is within a claimant's SVP "does not neutralize or supplant a reasoning level conflict."  *Diaz*, 2017 U.S. Dist. LEXIS 40876, at **45-46.

Some courts within this Circuit have found that a limitation to one-to two-step tasks or instructions is inconsistent with GED reasoning development level 2.  *See*, *e.g.*, *Ferrebee v. Kijakaz*i, No. 20-02188, 2022 U.S. Dist. LEXIS 56229, at *8 (M.D. Pa. Mar. 28, 2022) (citing cases); *Pallo v. Comm'r of Soc. Sec.*, No. 15-7385, 2016 U.S. Dist. LEXIS 174141, at *38 (D.N.J. Dec. 16, 2016); *Zapata-Alvarez v. Colvin*, No. 14-2830, 2015 U.S. Dist. LEXIS 118361, at *35 (E.D. Pa. Apr. 16, 2015).  At the very least, "the ability to follow simple one or two-step instructions…might trigger concern about [a claimant's] ability to perform jobs that require reasoning level 2."  *Virola v. Comm'r of Soc. Sec.*, No. 18-CV-4778, 2020 U.S. Dist. LEXIS 10590, at *12 (E.D. Pa. Jan. 21, 2020); *see also Pallo,* 2016 U.S. Dist. LEXIS 174141 at *38.

The present record triggers such concerns.  This Court need not, and does not, make any broad findings as to whether the limitation to one or two step instructions necessarily restricts Plaintiff to jobs with a reasoning level of 1.  However, it does agree, at the very least, that the record presents a potential conflict that must be resolved.   As it is not the Court's role to

interpret vocational evidence, the ALJ should address the potential conflict between Plaintiff's RFC and the GED reasoning level 2 occupations relied upon.  *See Meloni*, 109 F. Supp. at 741; *Maher v. Saul*, No. 19-05721, 2020 U.S. Dist. LEXIS 182883, at *15 (E.D. Pa. Sep. 4, 2020). The Court is cognizant of this matter's extended path to date and Plaintiff's desire for speedy and efficient conclusion; nonetheless, remand is warranted so that Defendant may take appropriate steps to clarify the matters discussed herein.[2]  The record does not permit the Court simply to remand the case for an award of benefits.

As a final matter, the Court rejects Plaintiff's contentions regarding the ALJ's analysis of the other medical evidence to which she cites.  Specifically, Plaintiff challenges the ALJ's approach to two reports authored by Lyndsey Groves, Psy.D.  Even if this Court would reach a different conclusion as to the persuasiveness of Dr. Groves' opinions, it cannot reweigh the evidence and substitute its judgment for that of the ALJ.  *See Shontz v. Berryhill*, No. 19-33, 2019 U.S. Dist. LEXIS 165130, at *1 n.1 (W.D. Pa. Sep. 26, 2019).  The ALJ's discussion of these reports was quite thorough, and the Court finds no error regarding the ALJ's evaluation that warrants remand or reversal.

**V. Conclusion**

Based on the foregoing, the Court has determined that remand is appropriate for further consideration of Plaintiff's applications for benefits.  Accordingly, the Court remands this matter to the Commissioner for further consideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:          Counsel of record

---

[2]      To that end, the Court again emphasizes that its decision neither holds nor suggests that Plaintiff, or any person with all or part of Plaintiff's RFC, is *per se* unable to perform work with a GED Reasoning Level 2.

7